UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

        Plaintiff,                    Case No. 1:11-cv-1206

v.                                      Honorable Janet T. Neff

UNKNOWN DELTOUR, et al.,

        Defendants.

                                            /

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Darryl McGore, a prisoner incarcerated at Marquette Branch Prison, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in this Court, having filed more than twenty-five civil actions. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious or failed to state a claim. *See McGore v. Mich. Sup. Ct. Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi et al.*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine et al.*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine et al.*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). Although all of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff previously has been denied leave to proceed *in forma pauperis* on numerous occasions for having three strikes. *See, e.g., McGore v. Brioke*, No. 1:11-cv-395 (W.D. Mich. May 6, 2011); *McGore v. Gooch*, No. 1:11-cv-340 (W.D. Mich. May 3, 2011); *McGore v. Briske*, No. 1:10-cv-919 (W.D. Mich. Sept. 27, 2010); *McGore v. Briske*, No. 1:10-cv-920 (W.D. Mich. Sept. 27, 2010); *McGore v. Servinski et al.*, No. 1:10-cv-682 (W.D. Mich. Aug. 6, 2010).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. While Plaintiff uses the words "imminent danger"in his complaint, the words are not accompanied by factual allegations that would remotely qualify for the exception. Specifically, Plaintiff complains that, on April 19, 2011, Defendant Deltour threw a tissue paper roll through Plaintiff's food slot, striking and injuring Plaintiff's index finger and hand. Plaintiff contends that

he meets the imminent-danger exception because he saw Deltour prepare to throw the roll before it was actually thrown.

Plaintiff's allegation of imminent danger is without merit. The Sixth Circuit has recognized the standard for imminent danger previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini,* 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (holding that imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception). Plaintiff's allegation demonstrates only that he faced danger on April 19, 2011, when Deltour prepared to throw and then threw the tissue paper roll at Plaintiff's hand. Nothing about Plaintiff's complaint suggests that he remained in imminent danger of a future injury at the time he filed his complaint on October 2, 2011.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 2, 2011, and it was received by the Court on November 14, 2011. Thus, it must have been handed to prison officials for mailing at some time between October 2 and November 14, 2011. The Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:  December 6, 2011  /s/ Janet T. Neff
Janet T. Neff
United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**